# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

ANTECH DIAGNOSTICS, INC.,

    Plaintiff/Counter-Defendant,

v.                                      CASE NO: 8:17-CV-1530-T-30TBM

RONNI E. TUDIN,

    Defendant/Counter-Plaintiff.

_____/

## ORDER

THIS CAUSE comes before the Court upon Counter-Defendant Antech Diagnostics, Inc.'s Motion to Dismiss the Amended Counterclaim (Dkt. 16) and Counter-Plaintiff Ronni E. Tudin's Response in Opposition (Dkt. 17). The Court, having reviewed the motion, response, and being otherwise advised in the premises, concludes that the motion should be denied.

## BACKGROUND

In this action, Plaintiff Antech Diagnostics, Inc. filed a one-count breach of contract complaint against Defendant Ronni E. Tudin alleging Tudin breached an Exclusive Laboratory Services Agreement (the "ELSA"). Tudin counterclaimed, alleging the following claims against Antech: (1) fraud in the inducement; (2) fraudulent misrepresentation; (3) rescission; and (4) violation of Florida's Deceptive and Unfair Trade Practices Act ("FDUTPA").

Antech moves to dismiss all four claims under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Antech argues that the fraud claims (including the rescission claim, which is premised on fraud) are barred under the parol evidence rule and the FDUTPA claim is barred by the express terms of the ELSA. As explained below, Antech's motion will be denied because it is contrary to black-letter law. Notably, Antech's motion is unavailing under an application of California law and Florida law. Accordingly, although the parties dispute which choice of law applies—Antech argues California law applies and Tudin argues Florida law applies—the Court declines to reach this issue at this juncture.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 12(b)(6) allows a complaint to be dismissed for failure to state a claim upon which relief can be granted. When reviewing a motion to dismiss, a court must accept all factual allegations contained in the complaint as true, and view the facts in a light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). However, unlike factual allegations, conclusions in a pleading "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009). On the contrary, legal conclusions "must be supported by factual allegations." *Id.* Indeed, "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003).

## DISCUSSION

The crux of Antech's motion is that the parol evidence rule bars Tudin's fraud claims because the ELSA contains a merger clause that states that the ELSA's terms and conditions "supersede any prior agreements or representations, including representations made in any Antech Diagnostics' sales literature or advice given to you by Antech Diagnostics, in connection with your execution of this Agreement." The ELSA also contains an "Entire Agreement" clause that states that the ELSA's terms and conditions constitute the entire understanding and agreement of the parties and supersede any prior or contemporaneous statements, understandings, or agreements. Under the parol evidence rule, an agreement that contains a merger/integration clause, like the clauses in the ELSA, constitutes the entire agreement between the parties and a court cannot consider extrinsic evidence that would directly contradict the agreement's terms and conditions.

The problem with Antech's argument is that it neglects to mention an exception to the parol evidence rule: simply put, if a party is arguing that the agreement was procured by fraud, the party is challenging the validity of the agreement itself and the integration or merger clause is no longer relevant. Under these circumstances, a court may consider extrinsic evidence to determine whether the agreement was fraudulently induced. *See Riverisland Cold Storage, Inc. v. Fresno-Madera Prod. Credit Ass'n*, 291 P.3d 316, 319 (Cal. 2013) ("Evidence to prove that the instrument is void or voidable for mistake, fraud, duress, undue influence, illegality, alteration, lack of consideration, or another invalidating cause is admissible. This evidence does not contradict the terms of an effective integration,

because it shows that the purported instrument has no legal effect."); *Nobles v. Citizens Mortg. Corp.*, 479 So. 2d 822, 822 (Fla. 2d DCA 1985) (noting that it is well-established that "oral agreements or representations may be introduced into evidence to prove that a contract was procured by fraud notwithstanding . . . a merger clause."). Accordingly, Antech's motion is denied with respect to the fraud and rescission claims.

Antech's motion is also denied with respect to the FDUTPA claim because the motion reads like a summary judgment motion and ignores many of the allegations contained within the counterclaim that detail facts regarding Antech's purportedly unfair and deceptive acts.

It is therefore **ORDERED AND ADJUDGED** that:

1. Counter-Defendant Antech Diagnostics, Inc.'s Motion to Dismiss the Amended Counterclaim (Dkt. 16) is denied.

2. Counter-Defendant Antech Diagnostics, Inc. shall file an answer to the counterclaim within fourteen (14) days of this Order.

**DONE** and **ORDERED** in Tampa, Florida on October 4, 2017.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record